HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| YVONNE MCDONALD,<br><br>                                  Plaintiff,<br><br>         v.<br><br>EMPLOYMENT SECURITY DEPARTMENT, et al.,<br><br>                                  Defendants. | No. 13-cv-5248-RBL<br><br>ORDER<br><br>(Dkt. #18) |

      Defendants have moved to dismiss discrimination claims because Plaintiff filed her EEOC complaint after the 180-day limitation period. *Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002); 42 U.S.C. § 2000e-(5)(e).

      Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide

the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).  This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly* ).

Plaintiff appears to concede that she filed her complaint late, but seeks equitable tolling on the grounds that she "actively pursued other remedies" (which are unspecified) and because "her decision-making and cognitive abilities were affected" by the alleged discrimination and harassment.  These vague reasons are insufficient under Ninth Circuit precedent.  *See Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002) (equitable tolling appropriate where reasonable plaintiff would not have known of the existence of a possible claim within the limitations period).

Moreover, as Defendant notes, Plaintiff had filed an EEOC complaint in 2007 and clearly knew the procedures.  The Court must therefore conclude that Plaintiff's claims are time barred.

Defendants' Motion to Dismiss (Dkt. #18) is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**.

Dated this 23rd day of July 2013.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE